UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS SANTARLAS,

    **Plaintiff,**

vs.                                            Case No. 8:15-cv-1311-T-27AAS

W. BRAD STEUBE, in his official capacity
as Manatee County Sheriff, and SEAN B.
FELTON, an individual,

    **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Motion for An Award of Costs and Reasonable Attorneys' Fees Pursuant to Federal Rule of Civil Procedure 68 and 18 U.S.C. § 2724 (Dkt. 46). Defendants' time to file opposition to the motion has expired and it is therefore deemed unopposed.[1] As the prevailing party in this action filed under the Driver's Privacy Protection Act, 18 U.S.C. § 2724 ("DPPA"), Plaintiff is entitled to recover attorneys' fees and litigation costs reasonably incurred under § 2724(b)(3). His motion (Dkt. 46) is therefore GRANTED.

One year after Defendants were served, they served an Offer of Judgment for $5,000, twice the statutory liquidated damages established by the DPPA. Plaintiff accepted the Offer of Judgment on October 7, 2016 (Dkt. 42), and Judgment was entered accordingly, with the Court reserving jurisdiction to award reasonable attorneys' fees and costs (Dkts. 44, 45). Plaintiff filed the instant motion seeking attorneys' fees and costs with supporting affidavits and materials on October 27,

---

[1] Defendants do not challenge Plaintiff's entitlement to an award of attorneys' fees and costs (Dkt. 54 ¶ 4).

2016 (Dkt. 46). Defendants sought and were granted two extensions to respond to the motion, and their response was due by December 7, 2016 (Dkts. 51, 53). They were expressly advised that "[n]o further extensions will be provided" (Dkt. 53).

Notwithstanding, Defendants never responded to Plaintiff's motion. Yet on December 28, 2016, more than two weeks after their response was due, they filed their Motion for Leave to Conduct Discovery and Motion for Extension of Time to Respond to Fee Petition and Bill of Costs (Dkt. 54), requesting a third extension and seeking leave to conduct discovery on fees (Dkt. 54).[2] Defendants provide no explanation, however, for their failure to respond to Plaintiff's motion, their delay in seeking a third extension, or their failure to conduct discovery on fees and costs after Plaintiff accepted the Offer of Judgment.[3] In sum, no good cause has been shown for a third extension to respond to the motion.

Plaintiff filed this action under the DPPA, alleging that Defendants accessed his personal information in the Driver and Vehicle Information Database ("DAVID") without a legitimate law enforcement purpose (Dkt. 1 ¶ 19). Both Defendants denied this allegation (Steube Answer ¶ 19, Dkt. 10; Felton Answer ¶ 19, Dkt. 14). Ultimately, however, discovery demonstrated that Felton had indeed violated the DPPA, and that the internal affairs investigation conducted by the Sheriff's Office before this case was even filed included his sworn admission that he had accessed Plaintiff's personal information in DAVID.

The DPPA provides that reasonable attorneys' fees and other litigation costs may be awarded.

---

[2] To the extent Defendants request additional time to conduct discovery regarding the time Plaintiff's counsel spent on the case, Defendants are well aware of the time and effort Plaintiff's counsel spent litigating this case, since their contemporaneous time sheets were filed with their motion for fees and costs (Dkt. 46-2).

[3] In the Offer of Judgment, "the defendants specifically contemplate[d] that the court shall reserve jurisdiction for an award of costs and attorneys' fees[.]" (Dkt. 42-1).

2

18 U.S.C. § 2724(b)(3); *Kehoe v. Fid. Fed. Bank & Trust*, 421 F.3d 1209, 1217 (11th Cir. 2005). Similar to an award of attorneys' fees in civil rights cases, an award of fees in DPPA cases should encourage the bringing of meritorious claims which might otherwise be abandoned and ensure effective access to the judicial process. *City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986) (rejecting the rule of proportionality in determining and awarding attorneys' fees in § 1983 claims); *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). As the prevailing party, Plaintiff should therefore recover reasonable attorneys' fees and costs. *See City of Riverside*, 477 U.S. at 578; *Hensley*, 461 U.S. at 429; *Kehoe*, 421 F.3d at 1217.

The lodestar method is used to determine the amount of reasonable attorneys' fees "by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984). And, "[t]he determination of reasonable attorneys' fees is left to the sound discretion of the trial judge." *Dowdell v. City of Apopka, Florida*, 698 F.2d 1181, 1187 (11th Cir. 1983) (citations omitted).

Twelve factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) are considered, together with the prevailing market rate in the relevant legal community, in determining a reasonable fee. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Those factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the

client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-719. Geoffrey Parmer's affidavit addresses relevant *Johnson* factors (Dkt. 46-1).

Plaintiff seeks fees for 5.3 hours spent by partner Anderson B. Dogali, 95 hours spent by partner Geoffrey E. Parmer, 6.3 hours spent by paralegal Pam J. Keeney, and $2,092.86 in costs.[4] Plaintiff's motion and supporting materials, including Parmer's affidavit, explain and confirm the hours spent in successfully litigating this case, including the detailed contemporaneous time records of the attorneys and paralegal. (Parmer Aff., Dkt. 46-1; Time Records, Dkt. 46-2). At first glance, the hours appear to be somewhat high, considering Felton's admission and the modest damages accepted. On closer scrutiny, however, I find the hours reasonable and necessary, with one exception.

Plaintiff's disinterested attorneys' fee expert, George C. Bedell III opines, based on his review of the pleadings, discovery, and attorney time records, that the time billed by Plaintiff's counsel and their paralegal was reasonable (Bedell Aff. ¶ 4, Dkt. 46-3).[5] While Bedell found that there were minimal overlapping time entries, he would delete part or all of the 1.6 hours billed by Parmer on October 26, 2015 for research and correspondence concerning the validity of service of process on Defendant Felton (*Id.*). I agree with Bedell's opinion. He is an experienced attorney who did not merely parrot agreement with the fees sought.

Therefore, considering the supporting materials, the nature of the claim and defenses, the time and effort counsel were required to devote in discovering the facts supporting Plaintiff's claim,

---

[4]Defendants do not contest an award of paralegal fees under the DPPA, or fees and costs incurred after the submission of the Offer of Judgment. *See, e.g., Richlin Sec. Serv. Co. v. Chertoff,* 553 U.S. 571, 581, 128 S. Ct. 2007, 2014, 170 L. Ed. 2d 960 (2008) (attorney's fees historically included fees for paralegals).

[5]Bedell observed that six months prior to the filing of this case, the Manatee County Sheriff's Office conducted an internal investigation which concluded that Defendant Felton violated the DPPA and that he had admitted to his actions. Bedell also found that the Manatee County Sheriff's Office possessed its internal investigation report when served with the lawsuit (*Id.*).

and the *Johnson* factors, including the services performed and the results obtained, I find that 5.3 hours spent by Mr. Dogali, 93.4 hours spent by Mr. Parmer, and 6.3 hours spent by Ms. Keeney, are reasonable.

While this was not an overly complex case, Defendants' discovery conduct required the expenditure of time by Plaintiff's counsel which would otherwise not have been necessary, and which contributed to prolonging a resolution of the case (Dkts. 10, 14, 28, 29, 30, 31). On May 2, 2016, Plaintiff served his First Request for Admissions on each Defendant, directed specifically to his claim that his personal information in DAVID had been accessed without a legitimate law enforcement purpose (Dkt. 46-5). Sheriff Stube denied all but two of the admissions requested, and Felton either professed lack of memory, asserted vague responses, or denied the admissions requested (Dkt. 46-6). As noted, ultimately it was discovered that Felton had accessed DAVID without a legitimate law enforcement purpose, and that the Sheriff's Office was aware of that before suit was filed.

On the same day, Plaintiff served his First Request for Production on Defendant Stube, seeking, among other things,"[a]ll documents relating to any investigation of Sean B. Felton, by MCSO, you or any governmental entity for the alleged misuse of DAVID" and "[a]ll communications between you and/or Sean B. Felton and you, MCSO or any other governmental entity regarding the misuse of DAVID" (Dkt. 28-1, ¶¶ 9, 13). After limited documents were produced, Plaintiff was required to file a motion to compel on July 21, 2016, in which Plaintiff described the difficulty he was having obtaining the requested documents (Dkt. 28). And when documents were finally produced on July 26th and 27th in response to the motion, those documents confirmed Plaintiff's allegation that his personal information in "DAVID" had been accessed by

Felton without a legitimate law enforcement purpose (Dkt. 46-7).[6] Moreover, during depositions of Defendants' witnesses, Plaintiff learned that an audiotape of Defendant Felton admitting under oath that he accessed Plaintiff's personal information in DAVID without a legitimate law enforcement purpose existed (Dkt. 30 at 2; Dkt. 46 at 4).

That conduct, and the necessity of Plaintiff establishing vicarious liability on the Sheriff's Office, and the evolving case law concerning the DPPA, made this a challenging case for the lawyers who took this case without any assurance of being compensated, essentially on a contingency basis. And the results they obtained were, as noted, quite favorable for their client.

With respect to hourly rates, I likewise find that the rates billed by the attorneys and their paralegal are reasonable. Mr. Bedell opines that the hourly rates for Plaintiff's counsel are reasonable, considering their experience and length of practice, and that the hourly rate for their paralegal is reasonable, considering her experience (Bedell Aff. ¶ 5). The reasonableness of the hourly rates is further supported by the *United States Consumer Law Attorney Fee Survey Report 2013-2014* conducted by Ronald L. Burdge, Esq. reflecting average hourly rates for attorneys practicing consumer law in Tampa, Florida range from $363/hour to $ 475/hour for attorneys with 16-25 years in practice (Dkt. 46-8). *See also Renninger v. Phillips & Cohen Assocs., Ltd.*, No. 8:10-CV-5-T-33EAJ, 2010 WL 3259417, at *2 (M.D. Fla. Aug. 18, 2010) (considering a consumer law attorney fee survey to determine prevailing market rate). I find, therefore, that the hourly rates of Plaintiff's counsel are reasonable and consistent with the market rate for attorneys with similar

---

[6] Internal investigation concluded: "Lieutenant Felton did not use the contact information that he viewed in DAVID; however since he did run Mr. Santarlus name in DAVID to retrieve information to be used for non-law enforcement purposes, this complaint is Sustained In Part." (Dkt. 46-7, p. 4).

experience in the community.

In conclusion, Plaintiff is entitled to a lodestar award of $40,362 in attorneys' fees, reflecting 98.7 hours at $400 per hour for attorneys' time and 6.3 hours at $140 per hour for paralegal time. Plaintiff is entitled to recover costs of $1,702.86 under 18 U.S.C. § 2724(b)(3). Mediation fees will not be awarded, as each party should absorb their respective mediation costs.

Accordingly, Plaintiff's Motion for An Award of Costs and Reasonable Attorneys' Fees (Dkt. 46) is **GRANTED**. The Clerk is directed to **ENTER** judgment against Defendants W. Brad Steube, in his official capacity as Manatee County Sheriff and Sean B. Felton individually for $42,064.86. Defendants' Motion for Leave to Conduct Discovery and Motion for Extension of Time to Respond to Fee Petition and Bill of Costs (Dkt. 54) is **DENIED**. This case shall remain **CLOSED**.

**DONE AND ORDERED** this 3rd day of January, 2017.

*JAMES D. WHITTEMORE*
United States District Judge

Copies to: Counsel of Record